14-2082-cr (L)
United States v. Kent

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand and sixteen.

Present:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judge*s,
> ALVIN K. HELLERSTEIN,
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                          Nos. 14-2082-cr (L), 14-2874-cr (CON)

THOMAS JEFFERSON KENT, ALSO KNOWN AS SEALED DEFENDANT 1, ALSO KNOWN AS DARYL WALKER, SANFORD GOTTESMAN, ALSO KNOWN AS SEALED DEFENDANT 2,

> *Defendants-Appellants*,

---

[*] The Honorable Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

BRAD ROBINSON, ALSO KNOWN AS SEALED DEFENDANT 3, BENO MATTHEWS, ALSO KNOWN AS SEALED DEFENDANT 4,

*Defendants.*

_____

FOR APPELLEE: PAUL M. MONTELEONI and Karl Metzner, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *for* the United States of America.

FOR DEFENDANTS-APPELLANTS: YUANCHUNG LEE, Federal Defenders of New York, New York, NY *for* Thomas Jefferson Kent.

LAWRENCE H. SCHOENBACH, Law Offices of Lawrence H. Schoenbach, PLLC, New York, NY *for* Sanford Gottesman.

_____

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*). **UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction of the district court as to Sanford Gottesman, entered on June 10, 2014, is **AFFIRMED**.[1]

Defendant-Appellant Sanford Gottesman and Thomas Jefferson Kent were participants in a years-long scheme by which small businesses were tricked into paying fees to secure capital loans that did not exist. Gottesman appeals from his conviction, following a jury trial, for wire fraud, in violation of 18 U.S.C. §§ 1343, 2, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. We describe the underlying facts of this criminal case in detail in a published opinion filed today regarding Kent's claim on appeal. We address Gottesman's case here and assume familiarity with the issues on appeal.

_____

[1] We consider Kent's appeal from a judgment of conviction entered on July 28, 2014, in the same case following Kent's guilty plea, in a separate, published opinion filed today.

Gottesman's arguments—that it was improper to give the jury a conscious avoidance instruction and that the content of the conscious avoidance instruction was erroneous—lack merit. Charging the jury on conscious avoidance was not error because Gottesman put "the element of knowledge . . . in dispute" and the jury was presented with sufficient evidence that "would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Ebbers*, 458 F.3d 110, 124 (2d Cir. 2006) (quoting *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995)). There was ample evidence that Gottesman either knew he was a participant in a criminal enterprise or consciously avoided obtaining such knowledge—such as Gottesman's admission that he told lies to victims about his own role with Wilshire Financial. Reviewing the jury charge, we are also satisfied that it comports with the law of this Circuit which, contrary to Gottesman's argument on appeal, was not changed by the Supreme Court's decision in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011). *See United States v. Goffer*, 721 F.3d 113, 128 (2d Cir. 2013) ("The Court [in *Global-Tech*] did not alter or clarify the [conscious avoidance] doctrine . . . . *Global-Tech* simply describes existing case law. In so holding, we follow other decisions in this Circuit since *Global-Tech* that have applied the traditional conscious avoidance doctrine.").

Gottesman's challenge based on the district court's initial decision to exclude redacted portions of an e-mail he believes to be exculpatory also provides no basis to vacate his conviction. Any error in the district court's temporary exclusion of the redacted part of the email was harmless. *See United States v. Abreu*, 342 F.3d 183, 190 (2d Cir. 2003) ("[W]e will not order a new trial because of an erroneous evidentiary ruling if we conclude that the error was harmless."). Because the initially excluded part of the e-mail (1) was eventually provided to the jury, (2) was duplicative of Gottesman's testimony at trial, and (3) at most established that

3

Gottesman was unaware of the existence of one *particular* victim of the scheme rather than his lack of knowledge of the scheme *as a whole*, we are convinced that its initial exclusion had no "substantial and injurious effect or influence in determining the jury's verdict." *United States v. Dukagjini*, 326 F.3d 45, 62 (2d Cir. 2002) (quoting *United States v. Castro*, 813 F.2d 571, 577 (2d Cir. 1987)).

We have carefully considered all of Gottesman's remaining arguments and find them to be without merit. Accordingly, the district court is **AFFIRMED** with regard to Gottesman's conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4